MATHIAS, Judge,
dissenting.
[67] I respectfully dissent.
[68] I believe that the resolution of this case is to be found in the plain language of the indenture itself. As the majority recognizes, the indenture grants to the railroad:
the right to construct and maintain ... a dam which shall be not less than fourteen feet or more than twenty feet in height and of sufficient length to properly and effectually dam the water flowing through the said stream so as to acquire an accumulation of water of a depth of not less than fourteen or more than twenty feet at its deepest point[.]”
Appellant’s App. p. 39 (emphasis added).
[69] This language grants to the railroad the right to construct and maintain a dam sufficient to acquire an accumulation of water of a depth not less than fourteen but not more than twenty feet. It imposes no duty or obligation to do so. We previously delineated the difference between a right and a duty or obligation in Erwin v. HSBC Mortgage Services, 983 N.E.2d 174 (Ind.Ct.App.2013), trans. denied. Although the majority is correct that Erwin was a negligence case, it nevertheless dealt with the interpretation of a covenant of a home-owners association that provided that the association “the right to enforce” the terms of the covenant. Id. at 180. We held that this did not equate to a duty or obligation on the part of the association to enforce the terms of the covenant. Id.
[70] The same is true here. The indenture at issue gives the railroad the right to build and maintain a dam; it imposes no duty or obligation on the railroad to either build or maintain the dam. Accordingly, I respectfully dissent from the majority’s conclusion, and I would affirm the order of the trial court granting summary judgment in favor of the railroad.